UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEJUAN ALLEN FRANK #642124,

    Plaintiff,

v.

Case No. 2:16-cv-00154
HON. GORDON J. QUIST

BERTINA BOWERMAN,

    Defendant.
_____/

REPORT AND RECOMMENDATION

Plaintiff prisoner Dejuan Allen Frank filed a motion for default judgment. (ECF No. 20). Plaintiff asserts that while he was housed at the Alger Correctional Facility, Defendant Corrections Officer Bertina Bowerman violated his rights. On June 23, 2016, Plaintiff filed a complaint asserting that Defendant Bowerman violated his First, Eighth, and Fourteenth Amendment rights and state law rights by subjecting Plaintiff to "psychological torture" and by "inciting him to attempt suicide and inflict self-harm."

Plaintiff alleged that he was transferred to Alger Correctional Facility on November 30, 2011. Soon after his arrival, Defendant began a constant barrage of verbal abuse involving insults and racial slurs towards Plaintiff. Plaintiff informed Defendant that he had previously been diagnosed as emotionally unstable and asked her to please stop the verbal harassment which was causing Plaintiff to be depressed. Instead of stopping her harassment, Defendant began calling Plaintiff "retard, dumb fuck, and you mentally ill piece of shit." Defendant spent her work day mentally terrorizing Plaintiff and seemed to enjoy being abusive.

Defendant attempted to get other inmates involved in her abusive tactics, by telling them that Plaintiff was a "piece of shit" and a "scumbag." Defendant falsely told inmates that Plaintiff was caught masturbating in his cell in his cellmate's presence. Defendant subjected Plaintiff to shake downs and searches and falsely claimed that Plaintiff had threatened her. Plaintiff became emotionally exhausted by the abuse and would cry in his cell. Plaintiff's complaints to administrative staff fell on deaf ears. After Plaintiff complained, Defendant took retaliatory action by denying Plaintiff food trays, showers, and yard time. On one occasion, Defendant told Plaintiff's cellmate that he had two days to get rid of Plaintiff. Later that day, Defendant told Plaintiff that if he was still alive after two days she would set him up. She told Plaintiff that he should kill himself.

Plaintiff attempted suicide on February 25, 2014, due to years of emotional abuse from Defendant Bowerman. However, his attempt was thwarted by corrections officers and Plaintiff was placed on suicide watch. Although, Defendant did not work in the unit where Plaintiff was housed while he was on observation or suicide watch, she visited Plaintiff's unit to continue her harassment. She kicked Plaintiff's cell door and laughed at him for failing to successfully commit suicide, called him derogatory names, and warned him that once he was off suicide watch he would have to deal with her. Plaintiff once again attempted to commit suicide by banging his head against his cell door. Defendant encouraged Plaintiff to continue banging his head until another corrections officer arrived. At that time, Defendant walked away while laughing.

Plaintiff barricaded his cell door by placing his mattress in front of the door until officers sprayed chemical agents and forcefully removed him from the cell. Plaintiff was then placed in restraints and transferred to a higher security level. As a result of the trauma imposed

2

by Defendant, Plaintiff has attempted suicide on several occasions. Plaintiff requests injunctive relief preventing his placement at a prison where Defendant is working, compensatory damages, punitive damages, attorney fees, and costs.

On August 9, 2016, a summons was issued and waiver of service was returned executed by Dean D. Potila. (ECF No. 5-6). On that same date, the Court ordered Defendant to file an appearance of counsel or to appear pro se within 21 days of service or within 60 days of waiver of service. (ECF No. 4). Plaintiff moved for default on January 9, 2017. On January 10, 2017, default was entered. (ECF No. 9). It appears that Plaintiff's counsel was concerned about the original service because the waiver was signed by Dean D. Potila and not by Defendant Bowerman. On May 17, 2017, a second summons was issued. (ECF No. 12). That summons was personally served on Defendant on July 12, 2017. (ECF No. 13). On August 4, 2017, Plaintiff moved for entry of default because Defendant failed to answer the complaint after personal service. Default was entered on August 4, 2017. (ECF No. 15). Defendant has never filed an appearance or complied with the August 9, 2016 order.

Plaintiff moves for default judgment against Defendant and compensatory damages of $100,000.00, punitive damages of $100,000, costs and reasonable attorney fees. Alternatively, Plaintiff requests entry of default judgment and a jury trial to determine damages. Usually, after a prisoner civil rights complaint is filed against a Defendant employed by the Michigan Department of Corrections, a request for waiver of service of the summons and complaint is made at the place of Defendant's employment. Once service is waived, Counsel routinely appears on behalf of Defendant. That did not happen in this case, and a second summons and complaint was

personally served on Defendant. Defendant never answered the complaint, counsel never appeared on her behalf, and Defendant never appeared pro se. Default was entered.

On November 6, 2017, Plaintiff and counsel for non-party MDOC stipulated to a protective order regarding discovery. (ECF No. 17). The order was entered by the Court on November 22, 2017. (ECF No. 22). Nevertheless, contrary to this Court's order, Defendant has not appeared in this matter or made any attempt to defend the allegations against her.

Plaintiff moves for default judgment under Fed. R. Civ. P. 55(b)(2) against Defendant. The Prison Litigation Reform Act provides in part that "[a]ny defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law." 42 U.S.C. § 1997e(g)(1). Moreover, under this provision "[n]o relief shall be granted to the plaintiff unless a reply has been filed." *Id.* "[U]nlike in the typical civil case, defendants do not have to respond to a complaint covered by the PLRA until required to do so by the court, and waiving the right to reply does not constitute an admission of the allegations in the complaint." *Jones v. Bock,* 549 U.S. 199, 213–14 (2007).

> Under the explicit language of § 1997e(g)(1), prisoner plaintiffs filing suit under § 1983 are not entitled to entry of default against a defendant who has been properly served, but nevertheless has not filed any reply. See e.g., *Bell v. Lesure*, No. CIV-08-1255, 2009 WL 1290984 (W.D. Ok. May 6, 2009) (Russell, Dist. J) (adopting report and recommendation); *Barnard v. Johnson*, No. 3:07cv566, 2008 WL 4831697 (E.D. Va. Nov. 6, 2008) (Williams, Dist. J.) (denying the plaintiff's motion for default judgment); *Barrett v. MDOC*, No. 2:06-cv-271, 2007 WL 3023051 (S.D. Miss. Oct. 11, 2007) (Parker, Mag. J.) (order denying motion for default judgment). Courts have consistently interpreted § 1997e(g) as barring a plaintiff from obtaining an entry of default when no reply has been filed "because defendants have no obligation to reply to the complaint until ordered by the court." *Stevenson v. MDOC*, No. 1:07-cv-213, 2007 WL

4

>   1202310 (W.D. Mich. Apr. 23, 2007) (Brenneman, Mag. J.). See
>   also *Proctor v. Applegate*, No. 07-12414, 2009 WL 3498813 (E.D.
>   Mich. Oct. 26, 2009) (Hluchaniuk, Mag. J.); *Kettering v. Larimer*
>   County Det. Ctr., No. 06-cv- 01989, 2008 WL 324127 (D. Col. Feb.
>   5, 2008) (Mix, Mag. J.); *Boling v. Corr. Med. Serv.*, No. 07-11752,
>   2007 WL 2515222 (E.D. Mich. Aug. 31, 2007) (Pepe, Mag. J.).
>   Defendant Martin can be defaulted for failing to follow a court order
>   requiring him to respond to the complaint. See *Halpin v. David*, No.
>   4:06cv457, 2008 WL 563943 (N.D. Fla. Dec. 8, 2008) (Sherrill,
>   Mag. J.) ("While § 1997e(g) allows a Defendant to wait to respond
>   until directed to do so . . ., it is not accepted that § 1997e(g) permits
>   a Defendant to ignore a court order directing a response." (citation
>   omitted)); *Vinning v. Walls*, No. 01-994, 2008 WL 5773782 (S.D.
>   Ill. Oct. 10, 2008) (Proud, Mag. J.) (discussing the two subsections
>   of § 1997e(g) and concluding the permissive "may" in subsection
>   (2) indicates that courts will order a defendant to reply only after an
>   initial screening of the complaint has been performed).

*Lafountain v. Martin,* No. 1:07–cv–76, 2009 WL 4729933, at *4 (W. D. Mich. Dec.3, 2009).

In this case, Defendant has failed to enter an appearance in this case, despite the order requiring her to file an appearance after service. Defendant has failed to "plead or otherwise defend" this action in accordance with Fed. R. Civ. P. 55.

Therefore, it is recommended that the Court GRANT Plaintiff's motion for default judgment (ECF No. 20). It is further recommended that the Court require Plaintiff to support his claim of damages by affidavit to allow the Court to determine appropriate damages or alternatively set this matter for trial for a determination of damages.[1]

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt

---

[1] In *Davis v. Brown*, 23 Fed. Appx. 504 (6th Cir. 2001), the prisoner plaintiff requested default judgment in the amount of $500,000 compensatory damages and $1,000,000 punitive damages against his attorney for negligence, breach of contract, and malpractice. The court entered default judgment and after plaintiff submitted an affidavit to support his claim of damages, the court awarded damages in the amount of $4,500 in compensatory damages and $10,000 in punitive damages. The Sixth Circuit upheld the award of damages after plaintiff appealed the judgment arguing that he was entitled to his requested amount of compensatory damages.

of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: August 24, 2018